UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN TRENT STOWERS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID CUSTILLO,<br><br>  Defendant. | No. 1:25-cv-00773-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 9, 10) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On July 11, 2025, the Court screened Plaintiff complaint, found no cognizable claims, and granted Plaintiff the opportunity to amend the complaint. (ECF No. 8.) After Plaintiff failed to file an amended complaint or otherwise respond to the Court's order, Plaintiff was ordered to show cause why the action should not be dismissed. (ECF No. 9.)

On September 5, 2025, Plaintiff filed a response to the order to show cause. (ECF No. 10.) Plaintiff contends that he is receiving threats and disciplinary violations because he filed the instant action and states he needs to be transferred to a different prison to continue this action. (Id.)

///

1

1  Based on Plaintiff's contentions and for good cause, the Court will discharge the order to show cause and grant him an additional thirty days to file an amended complaint.  However, the Court cannot enter an order directing the prison to transfer him to a different facility.  The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).  Here, Plaintiff attempts to require the CDCR to impose a broad and blanket order that he be transferred to a different prison.  Such broad relief is improper.[1]

Accordingly, it is HEREBY ORDERED that:

1. The Court's August 21, 2025 order to show cause (ECF No. 9) is DISCHARGED;
2. The Clerk of Court shall send Plaintiff a copy of the Court's July 11, 2025, screening order (ECF No. 8);
3. The Clerk's Office shall also send Plaintiff an amended civil rights complaint form;
4. Plaintiff is granted **thirty (30)** days from the date of service of this order to file an amended complaint; and

///

///

---

[1] Indeed, an inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (classification). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citation omitted).

5. Failure to comply with this order will result in a recommendation for dismissal of the action.

IT IS SO ORDERED.

Dated: __September 9, 2025__

STANLEY A. BOONE
United States Magistrate Judge

3