UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN TRENT STOWERS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CASTILLO,<br><br>Defendant. | No. 1:25-cv-00773-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIM<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed September 26, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

While stripping Plaintiff "out" to go to the medical clinic in Delano, officer Castillo asked Plaintiff to masturbate for him. Plaintiff told him "no" and Castillo got mad. When they arrived at the medical clinic, Plaintiff had to provide a urine sample. Officer Castillo went into the restroom and stood next to the toilet asking Plaintiff "to pull my dick out." Plaintiff refused and officer Castillo got angry and slammed Plaintiff's face in into the wall causing his nose to bleed while he was in restraints.

///

# III.

# DISCUSSION

### A.   Sexual Harassment

Individuals in prison have a constitutional right under the Eighth Amendment to be free from sexual harassment or abuse. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). To state a cognizable sexual assault claim, a plaintiff must plead facts indicating that "a prison staff member, acting under color of law and without legitimate penological justification, touched [plaintiff] in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

When evaluating a prisoner's sexual assault claim against a correctional officer, courts should consider "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Johnson v. Frauenheim, 2021 WL 5236498, *11 (E.D. Cal. Nov. 10, 2021) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

Here, there is no allegation that Defendant Castillo touched Plaintiff.  Therefore, Plaintiff must allege facts demonstrating that Defendant "engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning" plaintiff. Bearchild, 947 F.3d at 1144.  Plaintiff alleges only that Defendant Castillo asked him to masturbate for him.  Plaintiff has alleged nothing more than mere verbal comments and/or commands which do not give rise to a claim for relief.  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (the Eighth Amendment protections "do not necessarily extend to mere verbal sexual harassment."); Minifield v. Butikofer, 298 F.Supp.2d 900, 903-04 (N.D. Cal. 2004).  Such allegations are insufficient to give rise to a claim under the Eighth Amendment.  See, e.g., Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct... was verbal"); Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not

3

rise to level of Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (allegations that a county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); Zander v. McGinnis, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (finding a prisoner's claim that a guard called him "pet names" for ten months failed to support an Eighth Amendment claim "because allegations of verbal abuse do not rise to the level of a constitutional violation").  Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

### B. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97,

1  106 (1976).

2  Here, Plaintiff states that after he refused to masturbate, officer Castillo became angry and slammed his face into the wall while he was in restraints causing damage to his nose.  Liberally construed, and assuming the validity of Plaintiff's allegations, the Court finds that Plaintiff states a cognizable excessive force claim against Defendant Castillo.

### C. Further Leave to Amend

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of Plaintiff's failure to provide additional information regarding his sexual harassment claim despite specific instructions from the Court, further leave to amend as to this claim would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

## IV.
## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action

Further, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's excessive force claim against Defendant Castillo; and

2.  Plaintiff's sexual harassment claim be dismissed, without further leave to amend.

///

5

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge